**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1413
_____

WILLIAM J. BURNS; KAREN K. BURNS,
Husband and Wife, Appellants

v.

VICTORIA E. FEMIANI; ENCOMPASS INSURANCE; REGINAL CLAIMS
EXPEDITERS, a/k/a Rick Marcinko; JEFFREY W. WALTER; ERIE INSURANCE
GROUP; TROOPER ROBERT H. KEEFER, sued in his individual capacity acting
under color of official capacity and scope of employment as a sworn officer
of the PA State Police, #08387; TROOPER ALONZO J. ANDERSON, sued in his
individual capacity acting under color of official capacity and scope of
employment as a sworn officer of the PA State Police, #08652; TROOPER
SHAWN FABIAN, sued in his individual capacity acting under color of official
capacity and scope of employment as a sworn officer of the PA State Police,
#10043; PENNSYLVANIA STATE POLICE, under the doctrine of Respondent
Superior; DOES 1-15
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-00391)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 8, 2019

Before: GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: September 13, 2019)

_____

OPINION*
_____

PER CURIAM

Appellants William and Karen Burns appeal from the order of the United States District Court for the Western District of Pennsylvania dismissing their complaint for lack of subject matter jurisdiction and declining to exercise supplemental jurisdiction over their state-law claims. For the following reasons, we will affirm.

Appellants, husband and wife, filed a ten-count complaint, including claims for negligence, civil fraud, and civil conspiracy, arising from a three-car accident involving William Burns. The defendants include the other drivers in the accident, Victoria Femiani and Jeffrey Walter, their insurance companies, Encompass Insurance and Erie Insurance Group, as well those investigating the accident, including the Pennsylvania State Police and its Troopers Robert Keefer, Alonzo Anderson, Shawn Fabian, and Does 1-15. Also listed as a defendant was "Regi[o]nal Claims Expediters, a/k/a Rick Marcinko."[1] Marcinko, an automobile appraiser, assessed the damage to William's vehicle after the accident. As a basis for their action, the Burns asserted diversity of citizenship and federal question premised on 42 U.S.C. § 1983.

The crux of the complaint is an alleged fraudulent scheme and conspiracy by

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Defendant Regional Claims Expediters is mistakenly referred to as "Reginal Claims Expediters" in the caption throughout this action.

defendants to cover-up the manner in which the accident occurred. Specifically, Appellants assert that William Burns' vehicle was hit twice – first by defendant Walter's vehicle, which was then hit by Defendant Femiani's vehicle, causing Walter's vehicle to strike William's a second time. The Defendant Troopers allegedly omitted Burns' version of the accident in the official police report and recorded only Walters' "fraudulent" version – that his vehicle struck Burns' only after Femiani struck his vehicle and pushed it forward into Burns'. In apparent reliance on that report and an allegedly fraudulent appraisal by Marcinko, the insurance companies determined that Femiani was at fault and Encompass was "fully responsible" for the accident. In short, Appellants maintain that Walters was responsible for the initial accident, but that defendants have conspired and coordinated a fraudulent scheme to cover it up in an effort to limit Appellants' insurance claim.

After concluding that the Burnses were indigent for purposes of 28 U.S.C. § 1915, the District Court screened the complaint under § 1915(e)(2)(B). The Court determined that it lacked jurisdiction and dismissed the complaint without prejudice to the Burnses seeking relief in state court on their state law claims. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's sua sponte dismissal of the complaint for lack of subject matter jurisdiction. See U.S. S.E.C. v. Infinity Grp. Co., 212 F.3d 180, 186 & n.6 (3d Cir. 2000); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (review of a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo).

3

We agree with the District Court that Appellants failed to establish subject matter jurisdiction. For a federal court to exercise diversity jurisdiction over an action, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). The complaint alleges that Appellants and "Regi[o]nal Claims Expediters, a/k/a Rick Marcinko," are citizens of Ohio. The District Court therefore concluded that the necessary complete diversity is lacking.[2] See Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) ("[J]urisdiction [under § 1332] is lacking if any plaintiff and any defendant are citizens of the same state."). On appeal, Appellants argue that Rick Marcinko is merely a member of Regional Claims Expediters, LLC, and that they had intended to remove him as a defendant before filing the complaint. We note that "[t]he plaintiff is the master of the complaint and has the option of naming . . . those parties the plaintiff chooses to sue." Lincoln Property Co. v. Roche, 546 U.S. 81, 91 (2005). And, as Appellees note, "the citizenship of an LLC is determined by the citizenship of its members." Zambelli Fireworks Mfg. Co v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). The complaint lists a P.O. Box address in Ohio for Regional Claims Expediters but does not allege where Rick Marcinko is domiciled. See McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and

---

[2] On appeal, Appellants assert that the police report lists seven parties involved in the accident and therefore "the federal diversity issue was satisfied at that time." But "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed" see Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) (citation omitted), and Regional Claims Expediters/Marcinko was listed as a defendant in the complaint.

permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.") (internal quotation marks and citation omitted). Erie Insurance Group has provided a Certificate of Articles of Organization issued by the State of Ohio, of which we may take judicial notice, which indicates that Marcinko is the Agent of Regional Claims Expediters, LLC.[3] Swindol v. Aurora Flight Sciences Corp., 805 F.3d 516, 518-19 (5th Cir. 2015) (holding that it may take judicial notice of public documents to establish citizenship for purposes of diversity jurisdiction). The Certificate, dated in 2013, lists Marcinko's address as Strongsville, Ohio, the same address where the notice of service indicates the complaint was served. Accordingly, we agree that Appellants have not met their burden to establish that diversity jurisdiction exists.

Appellants argue on appeal that the District Court should have provided them leave to amend the complaint to remove Marcinko as a defendant in order to create complete diversity of parties. The District Court concluded that it could not "presume that Appellants would be willing to forego their putative claims against [Marcinko] in order to manufacture diversity jurisdiction," and that, even if they were, it would not "countenance such gamesmanship" under the circumstances. We have held that a court may not sua sponte dismiss a complaint for failure to state a claim or for lack of personal jurisdiction without first permitting the plaintiff to file a curative amendment. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (12(b)(6) dismissal); Zelson v. Thomforde, 412 F.2d 56, 59 (3d Cir. 1969). The same principle applies to a dismissal of a complaint

---

[3] We grant Appellee Erie Insurance Group's motion to supplement the appendix to include this certificate.

5

for lack of subject matter jurisdiction, "unless the defect is clearly incurable." See Frey v. E.P.A., 270 F.3d 1129, 1132 (7th Cir. 2001) (citation omitted). Under the circumstances here, the District Court did not abuse its discretion in failing to allow leave to amend. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (reviewing the District Court's refusal to grant leave to amend a pleading for abuse of discretion).

Courts may allow a "dispensable nondiverse party to be dropped at any time." Newman-Green, Inc., 490 U.S. at 832; Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068-69 (3d Cir. 1979). We agree with Appellees that Marcinko is an indispensable party and therefore he cannot be dismissed to create diversity jurisdiction. See Fed. R. Civ. P. 19(b). A party is indispensable if judgment in their absence would be prejudicial to that party and other parties. See Fed. R. Civ. P. 19(b). The complaint alleges that Marcinko was a "co-conspirator" whose "fraudulent, and willful, wanton, and intentional conduct" included providing a fraudulent appraisal which significantly minimized the actual damage to William's vehicle and supported the conclusion that it was only "lightly hit" *once*. See Fourth Cause of Action, Compl. at ¶¶ 284-312. Although co-conspirators are not necessarily indispensable parties, see Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 677 (1st Cir. 1994), under the circumstances of this case, where Marcinko's allegedly fraudulent appraisal is integral to the Appellants' underlying insurance claim, the parties have a substantial

interest in his presence in the case. Accordingly, because the defect cannot be cured, the District Court's sua sponte dismissal without leave to amend was proper.[4]

We also agree with the District Court that federal question jurisdiction was wanting because Appellants failed to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citation omitted).; Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (noting that the legal standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that for dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6)). As the District Court explained, the gravamen of Appellants' § 1983 claim is that the Pennsylvania State Troopers filed an incorrect – or, at best, false – police report; such allegations are insufficient to implicate the denial of a constitutional right. See Landrigan v. City of Warwick, 628 F.2d 736, 744 (1st Cir. 1980) (finding that the mere filing of a false police report does not "deprive[ ] a person of a right secured by the Constitution"). The Pennsylvania State Police may only be held liable for a § 1983 claim under Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), if there is an underlying constitutional violation and finding of individual liability. Brown v. Commonwealth of Pa., Dep't of Health Emergency Med. Servs. Training Inst., 318

---

[4] Appellants maintain on appeal that "Marcinko was not a proper defendant at the time of filing" and that his inclusion as a defendant was "just a terrible mistake." See generally Newman-Green, 490 U.S. at 832 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). They now contend that, "as it turns out," Marcinko did a "thorough job" reviewing William's vehicle, but that the finished appraisal appears "seriously edited," and "Marcinko wouldn't have knowingly jeopardized his reputation with something like that." Appellants' Br. at 28. This attempt to shift the theory of liability is precisely the type of "gamesmanship" which the District Court noted will not be countenanced.

7

F.3d 473, 482 (3d Cir. 2003). These claims were properly dismissed with prejudice as amendment of the complaint would have been futile. Finally, because there was no justiciable federal question, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over the Plaintiffs' state law claims. See 28 U.S.C. § 1367(c).

Based on the foregoing, we will affirm the District Court's judgment. The Appellants' motion to file supplemental evidence is denied.